IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARONDE STOKES,<br><br>                     Plaintiff,<br>v.<br><br>DENIS MCDONOUGH,<br>SECRETARY, U.S. DEPARTMENT<br>OF VETERANS AFFAIRS,<br><br>                     Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [19] MOTION TO DISMISS<br><br>Case No. 2:21-cv-00143-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to Magistrate Judge Cecilia M. Romero conducting all proceedings, including entry of final judgment (ECF 14). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendant Denis McDonough, Secretary, U.S. Department of Veteran Affairs' (Defendant or VA) Motion to Dismiss Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (ECF 19). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motion on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion.

I.      PROCEDURAL BACKGROUND

Plaintiff Sharonde Stokes (Plaintiff or Stokes) initiated this suit against Defendant on March 8, 2021, alleging causes of action for breach of contract and violations of Title VII of the Civil Rights Act of 1964 (ECF 2). Plaintiff filed an Amended Complaint on August 19, 2021, asserting a claim for breach of contract and retaliation, and a claim for further retaliation (ECF

1

18).[1] Defendant filed the instant Motion seeking dismissal of the Amended Complaint for failure to state a claim and for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (ECF 19). In response, Plaintiff filed a Memorandum in Opposition setting forth three arguments: (1) Plaintiff did not forfeit her right to bring a claim when she appealed to the United States Merit Systems Protection Board (MSPB) because she withdrew her appeal before the MSPB had made any decision on the merits; (2) Defendant's breach of a written settlement agreement has left Plaintiff without a remedy and warrants equitable relief fashioned by the court; and (3) Defendant's breach entitles Plaintiff to meaningful relief (ECF 26). Finally, Defendant filed a Reply in support of its Motion to Dismiss Plaintiff's Amended Complaint (ECF 29).

## II. FACTUAL BACKGROUND

The nature of this case concerns Plaintiff's filing of one informal Equal Employment Opportunity (EEO) complaint and two formal EEO complaints, all filed with the VA's Office of Resolution Management (ORM), in addition to an appeal filing with the MSPB (ECF 18).

Stokes worked as an Advanced Medical Support Assistant at the VA facility in Salt Lake City, Utah (ECF 18 ¶ 5). In August 2019, believing that the VA had subjected her to unlawful discrimination, Stokes filed an informal complaint (Informal EEO Complaint) with the EEO claiming unlawful discrimination (*Id.* at ¶ 6). On September 18, 2019, Stokes met with the VA and entered into a written settlement agreement (Settlement Agreement) to resolve the Informal EEO Complaint (*Id.* at ¶ 7). In part, the Settlement Agreement provided that the VA would remove a Letter of Expectation dated February 8, 2019, from Stokes' electronic official personnel folder

---

[1] The court notes that Plaintiff's First Amended Complaint, under the jurisdiction section, asserts that this suit is brought pursuant to Title VII of the Civil Rights Act of 1964 for discrimination in employment and for retaliation (ECF 18 ¶ 3). However, the same Complaint thereafter asserts causes of action for only (1) breach and retaliation and (2) further retaliation. Regardless, the parties argue that there are claims for both discrimination and retaliation. The court therefore construes the retaliation and discrimination claim together.

(eOPF) (ECF 19-1).[2] The VA failed to remove the Letter of Expectation from her file within the period specified in the Settlement Agreement (ECF 18 ¶ 9). This failure forms part of the basis of the breach of contract claim alleged in the present Amended Complaint (ECF 18 ¶¶ 29–33).

Following the settlement, Stokes filed a formal EEO complaint (2019 EEO Complaint) against the VA on December 19, 2019, alleging that the VA retaliated against her after she filed her Informal EEO Complaint when between August 29, 2019, and November 27, 2019, the VA allegedly subjected her to hostile work environment harassment (*Id.* at ¶ 35). Prior to resolution of the 2019 EEO Complaint, on March 19, 2020, the VA issued a Notice of Proposed Removal against Stokes under the authority of 38 U.S.C. § 714 (*Id.* at ¶ 9; *see also* ECF 19-2). The VA proposed the removal based on unprofessional and "Inappropriate Conduct" citing an incident on February 18, 2020, where Stokes allegedly "stood up . . . and yelled at a patient" (ECF 19-2). The Notice of Proposed Removal also cited previous incidents of Stokes' inappropriate conduct, including the February 8, 2019 Letter of Expectation, which the VA had failed to remove from Stokes' eOPF (*Id.*). On April 3, 2020, the VA issued a Decision on Removal to Stokes and thereafter terminated her on April 8, 2020 (ECF 18 ¶ 10).

When the VA made the decision to remove Stokes on April 3, 2020, Stokes received a Decision on Removal describing the options available to her (*see* ECF 19-3 ¶ 5). The Decision on Removal specified that Stokes could seek different avenues for review of the removal such as: (a) appealing to the MSPB; (b) seeking corrective action before the U.S. Office of Special Counsel; (c) filing a grievance under the negotiated grievance procedure; or (d) pursuing a discrimination

---

[2] The parties do not dispute the authenticity of the Settlement Agreement (ECF 19-1), Notice of Proposed Removal (ECF 19-2), Decision on Removal (ECF 19-3), 2020 EEOC Complaint Decision (26-1), and 2019 EEOC Complaint Decision (ECF 26-2). These documents are referenced in the Complaint and are central to the claims at issue. The court will therefore consider these documents. *See Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (On a motion to dismiss, "[t]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002))).

complaint with the Office of Resolution Management (*Id.*)  The Decision on Removal also stated that "[a]n appeal, complaint, or review concerning this action may not be filed with more than one administrative body" and that "[y]ou shall be deemed to have exercised your option to appeal this action at such time as you timely initiate action to appeal to MSPB" (*Id.*).

In late April 2020, Stokes filed a written complaint with the EEO (2020 EEO Complaint), alleging that the VA had breached the terms of the Settlement Agreement (ECF 18 ¶ 11).  Upon receiving the 2020 EEO Complaint, the EEO investigated the breach of settlement claim, and on June 10, 2020, the EEO issued a Breach of Settlement Agreement Determination where the EEO concluded that the VA had, in fact, breached the terms of the Settlement Agreement (*Id.* at ¶ 13). The VA informed Stokes of her options for remedy of that breach: either specific performance of the Settlement Agreement or reinstatement of the Informal EEO Complaint for further processing from where its processing had ceased, as if the parties had never reached a settlement agreement (*Id.*).  However, the VA advised Stokes that even with the breach of the Settlement Agreement and corresponding failure to expunge the Letter of Expectation from her file, the VA had no anticipation that such changes would disturb the decision of removal (*Id.*).

On April 11, 2020, Stokes appealed her removal to the MSPB and asserted that her removal was based on discrimination (MSPB Appeal) (*Id.* at ¶ 22).  Stokes later withdrew the MSPB Appeal, and on July 16, 2020, the MSPB issued a decision dismissing the MSPB Appeal with prejudice because Stokes allegedly knowingly, voluntarily, and unequivocally withdrew her appeal (*Id.*; *id.* at ¶ 38).  Soon after, on April 16, 2020, Stokes amended her still pending 2019 EEO Complaint alleging retaliation stemming from the VA's decision to remove her and her subsequent removal (*Id.* at ¶ 36).  This amendment resulted in the 2019 EEO Complaint alleging two claims—(1) the claim regarding hostile work environment harassment between August 29,

4

2019 and November 27, 2019 and (2) the retaliation claim stemming from Stokes' removal (*Id.* at ¶¶ 35–36).[3] The EEO accepted this amendment and investigated the entire removal but informed Stokes that the matter was now a "mixed case complaint"[4] and that claims (1) and (2) would be processed differently (*Id.* at ¶ 37). On November 4, 2020, the EEO issued a final decision dismissing claim (2) as to Stokes' removal from employment from the EEO Complaint (*Id.* at ¶ 24). Stokes then appealed to the Equal Employment Opportunity Commission (EEOC) on December 1, 2020 (*Id.* at ¶ 25). On May 24, 2021, the EEOC affirmed the EEO's decision and dismissed the amendment to the 2019 EEO Complaint (*Id.* at ¶ 28). The EEOC's final decision dismissed Stokes' claim as to the removal because she had made an informed decision to appeal her removal to the MSPB before amending her EEO Complaint, and that such election was not negated by later withdrawing her MSPB Appeal (*Id.* at ¶ 24).

On July 6, 2020, Stokes filed an appeal with the EEOC Office of Federal Operations (OFO) based on the 2020 EEO Complaint and corresponding Breach of Settlement Agreement Determination (*Id.* at ¶ 17). On December 10, 2020, the EEOC issued a final decision affirming the Breach of Settlement Agreement Determination (*Id.* at ¶ 27).

In the present action, Plaintiff argues that the VA breached the Settlement Agreement by failing to remove the Letter of Expectation and then relying in part on that Letter of Expectation as a basis in which to remove her. Plaintiff also alleges unlawful employment discrimination when the VA allegedly retaliated against her by removing her after she filed the 2019 EEO Complaint.

---

[3] Only claim (2) is at issue in this matter.
[4] "The Civil Service Reform Act ('CSRA') provides an alternative mechanism by which a federal employee may assert Title VII and Rehabilitation Act claims that arise out of adverse employment actions which are also appealable to the MSPB. Such cases are referred to as 'mixed cases' because the alleged unlawful discrimination is either related to or stems from an employment action over which the MSPB has jurisdiction." *See Harms v. I.R.S.*, 321 F.3d 1001, 1005 (10th Cir. 2003) (citing *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir.1995)); *see also* 5 U.S.C. §§ 1201–1222; 29 C.F.R. § 1614.302(a); 5 C.F.R. § 1201.3.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(1) Standard

Defendant seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(1) for "lack of subject-matter jurisdiction" (ECF 19). Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts "presume no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction." *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992) (citing *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)). The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff must "'allege in [its] pleading the facts essential to show jurisdiction,' and 'must support [those facts] by competent proof.'" *U.S. ex rel. Precision Co.*, 971 F.2d at 551 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

#### B. Rule 12(b)(6) Standard

Defendant also seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, a court assumes the truth of well-pleaded facts and draws reasonable inferences in a light most favorable to the plaintiff. *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff must allege

6

sufficient facts to 'nudge[] [his] claims . . . across the line from conceivable to plausible.'" *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021) (citing *Iqbal*, 556 U.S. at 680). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

### A. Plaintiff fails to establish subject matter jurisdiction with respect to her breach of contract claim.

The basis of Plaintiff's breach of contract claim is that the Settlement Agreement provided that the VA would remove the Letter of Expectation from Plaintiff's file, which did not occur, and as a result, the Proposed Notice of Removal and the Decision of Removal were in retaliation of Plaintiff participating in protected activity (ECF 19 ¶¶ 29–30). The 2020 EEOC Complaint Decision notified Stokes of her right to file a civil action in an appropriate United States District Court within ninety (90) days from the date that she received the decision. Although the 2020 EEOC Complaint Decision includes what appears to be boilerplate language referencing the right to file a civil action in District Court, Defendant argues that Plaintiff is barred from bringing her breach of contract claim because the government has not waived its sovereign immunity (ECF 19).

"The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992) (citing *McNutt*, 298 U.S. at 188). When federal sector employees sue for alleged breaches of Title VII agreements by a government agency, there is a procedure to claim a breach of an agreement. Specifically, a complainant must notify the EEO director in writing of alleged noncompliance with a settlement agreement or decision and request specific performance or reinstatement. *See* 29 C.F.R. § 1614.504(a); *see also Lindstrom v. United States*, 510 F.3d 1191, 1194 (10th Cir. 2007). Given this procedure, the Tenth Circuit has held that, "[c]ongress did not consent to being sued by

7

federal employees to enforce settlement agreements reached as a result of Title VII discrimination claims, and thus a district court does not have subject matter jurisdiction over the suit." *Id.* at 1195. "The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(a).

Here, as a federal employee, Stokes is "limited in [her] remedies" when alleging a breach of agreement against a government agency. *See Lindstrom*, 510 F.3d at 1194. Stokes complied with the above framework in filing the 2020 EEO Complaint, and the EEO subsequently found that the VA breached the Settlement Agreement. As a result, the EEO advised Stokes that she may elect specific performance of the settlement agreement, or in the alternative, to have her Informal EEO Complaint reinstated from the point processing ceased (ECF 26-1). According to 29 C.F.R. § 1614.504(a), those two options (either specific performance or reinstatement of the Informal EEO Complaint) are the sole remedies available to Stokes for the breach of Settlement Agreement. Stokes does not dispute this legal concept, even acknowledging the "unfavorable precedent" in the *Lindstrom* case, but argues it leaves her without a remedy and that the appropriate remedy requires the VA to return everything to the status quo before the breach of Settlement Agreement (ECF 26). The court finds neither argument to be persuasive. With respect to the argument that she has no remedy, she has two options—either specific performance of the Settlement Agreement or reinstatement of the Informal EEO Complaint for further processing. The administrative remedies available to Stokes do not include a third option of returning everything to the status quo ante. Plaintiff cites to no authority to support either of her positions.

Plaintiff's attempt to distinguish *Lindstrom* and other Tenth Circuit precedent from the present case is not compelling. In *Lindstrom*, the plaintiff filed suit to enforce a settlement

8

agreement with the Department of the Interior on a disability discrimination claim. *Lindstrom*, 510 F.3d at 1192. Plaintiff argues that her case is distinguishable because the plaintiff in *Lindstrom* did not follow the proper EEOC proscribed procedure for claiming a breach of settlement agreement. *Id.* at 1194. Additionally, the defendant in *Lindstrom* did not admit to breaching the settlement agreement in question. *Id.* at 1192. However, the court found that, even if Lindstrom had requested that his complaint be reinstated, "he still could only sue on the underlying discrimination claim and not to enforce the settlement agreement." *Id.* at 1194. Like Lindstrom, Stokes could choose to reinstate her 2019 EEO Complaint, but that would still not provide her with jurisdiction in this court over the breach of Settlement Agreement claim. Nor does the EEO's finding that the VA breached the Settlement Agreement provide a way for this court to have subject matter jurisdiction over the claim.

Accordingly, the court finds that it does not have jurisdiction over Plaintiff's breach of Settlement Agreement claim and dismisses this claim without prejudice pursuant to Rule 12(b)(1).

**B.     Plaintiff fails to properly exhaust her remedies with respect to her discrimination and retaliation claim.**

Plaintiff argues that she could file and then withdraw the MSPB Appeal in favor of amending and pursuing the 2019 EEO Complaint with the EEOC without fully exhausting her claims and that in bringing the present action, she is following the EEOC notice of filing an action in federal court (ECF 18 and 26). The 2019 EEOC Complaint Decision notified Stokes of her right to file a civil action in an appropriate United States District Court within ninety (90) days from the date that she received the decision (ECF 18 ¶ 28). Even though the MSPB dismissed the MSPB Appeal with prejudice, Plaintiff asserts that she should still be allowed to proceed with her EEO Complaint path since she voluntarily withdrew the MSPB Appeal. However, as explained

below, by starting down the MSPB path, Stokes has forfeited any opportunity to appeal to this court as to her reprisal upon removal claim.[5]

Defendant argues that Stokes' election of the MSPB process precludes this court's review of her removal because she failed to administratively exhaust her discrimination and retaliation claim before the MSPB (ECF 19). The doctrine of exhaustion of administrative remedies provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). "The administrative exhaustion requirement applies regardless of which administrative path the federal employee elects." *Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2003). "[A] federal employee who asserts claims of unlawful discrimination in conjunction with a challenge to an adverse employment action [may] either file an EEO complaint with the employing agency or appeal directly to the MSPB." *Id.* at 622 (citing 5 U.S.C. § 7702(a); 29 C.F.R. 1614.302; 5 C.F.R. §§ 1201.151–1201.157). "Whichever action is taken first is considered an election to proceed in that forum." *Id.* (citing 29 C.F.R. § 1614.302(b)).

In support of its position, Defendant cites to *Punch v. Bridenstine*, 945 F.3d 322 (5th Cir. 2019). In *Punch*, the Fifth Circuit set out the roadmap for federal employees challenging adverse employment actions. *Id.* at 324–26. In that case, Punch brought a discrimination suit against the National Aeronautics and Space Administration (NASA). *Id.* at 324. While Punch had "several [mutually exclusive] paths to seek review of her mixed case," she decided to choose all of them. *Id.* at 325. First, Punch brought a mixed case of both [Civil Service Reform Act] claims and discrimination claims before the MSPB. *Id.* at 325–26. The MSPB ultimately affirmed NASA's

---

[5] Plaintiff is not appealing the MSPB Appeal decision. Plaintiff had sixty (60) days to appeal that decision, but instead decided to amend the 2019 EEO Complaint and pursue that path. *See* 5 U.S.C. § 7703.

10

decision. *Id.* Punch elected to appeal the non-mixed portion of her case to the Federal Circuit and further appealed the discrimination claim to the EEOC. *Id.* Months later, while her MSPB claim was still pending, Punch filed an EEO complaint. *Id.* at 326. The EEO found that there was no discrimination, and Punch appealed to the EEOC. *Id.* Meanwhile, Punch continued to appeal the EEO decision to federal district court. *Id.* Punch appealed to the Fifth Circuit after the district court dismissed her claims for failing to properly exhaust her administrative remedies. *Id.* at 324. The Fifth Circuit affirmed the dismissal, holding that "Punch's refusal to pick one path and stick to it requires dismissal of her appeals." *Id.* at 328.

Stokes seeks to distinguish *Punch* from this case. Stokes argues that Punch only withdrew the MSPB complaint *after* the MSPB had made a decision on its merits (ECF 26). Punch's options after the MSPB decision were either to appeal the entire case to district court or to keep pursuing the mixed case by appealing to the EEOC. *Id.* at 331. Instead of choosing one of the options, Punch chose all of them, and her suit was dismissed. *Id.* at 324–25. Here, Stokes withdrew the MSPB Appeal before the MSPB issued a final decision on its merits. While the timeliness of the dismissal is not relevant, once Punch started on the MSPB route, "federal law required her to follow that road to the end." *Punch*, 945 F.3d at 329. The same is true for Stokes. Stokes initiated the MSPB Appeal on April 11, 2020 (ECF 18 ¶ 22). Shortly after, she withdrew the still pending MSPB Appeal (*Id.*). As a result, on July 16, 2020, the MSPB issued an initial decision dismissing the MSPB Appeal with prejudice "because she knowingly, voluntarily, and unequivocally withdrew her appeal" (ECF 26-1; ECF 18 ¶ 22). On April 16, 2020, Stokes amended the 2019 EEO Complaint adding a discrimination and retaliation claim from her removal (ECF 18 ¶ 23). However, Stokes had already elected to proceed in the MSPB forum by exercising her option to file the MSPB Appeal with that claim. Consequently, Stokes' claim was dismissed with prejudice

due to her withdrawal (ECF 26-1).  Once she filed the MSPB Appeal, she elected to proceed in that forum.  "There are no U-turns." *Punch*, 945 F.3d at 329.

Plaintiff does not dispute she withdrew her appeal before the MSPB but instead argues because she was told by an unnamed EEO administrator that she could withdraw her MSPB appeal but still pursue her EEO Complaint (ECF 26 at ¶ 8), her failure to exhaust should be excused.  The court disagrees.  Plaintiff has provided no legal authority to support her statement and importantly, she was informed of her options (*See* ECF 19-3 ¶ 5).

Accordingly, the court finds that Defendant's Motion to Dismiss Plaintiff's retaliation claim for failure to state a claim should be granted under Rule 12(b)(6).

## V.  CONCLUSION AND ORDER

Based on the foregoing, it is hereby ORDERED that

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF 19) with respect to the breach of settlement agreement claim is GRANTED without prejudice; and

2. Defendant's Motion to Dismiss for Failure to State a Claim (ECF 19) with respect to the discrimination and retaliation claim is GRANTED with prejudice.

DATED this 18 April 2022.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah